Larry TODD, Petitioner–Appellee,

v.

Joseph SCIBANA, Respondent,

John R. Hemingway, Warden Respondent–Appellant.

No. 99–2182.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

---

\* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## ORDER

The government appeals a district court judgment that granted a writ of habeas corpus to Larry Paul Todd under 28 U.S.C. § 2241. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1997, Todd was convicted of conspiring to manufacture marijuana, a violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 120 months of imprisonment and sixty months of supervised release.

In his § 2241 petition, Todd alleged that he should be eligible for a reduced sentence under 18 U.S.C. § 3621(e)(2)(B), if he successfully completed a drug-treatment program. The district court noted a prison regulation that made Todd ineligible for this sentence reduction, as he had possessed a firearm during his offense. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B). Nevertheless, the court issued a writ of habeas corpus on July 30, 1999, citing language in § 3621(e)(2)(B) that made the reduction available to any prisoner who had not been convicted of a violent crime. The government's motion for reconsideration was subsequently denied, and it now appeals.

Unfortunately, the district court did not have the benefit of a recent Supreme Court decision, which held that the Bureau of Prisons may categorically exclude prisoners from a § 3621(e)(2)(B) sentence reduction based on their preconviction conduct. *Lopez v. Davis,* 531 U.S. 230, 244, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). In so ruling, the Court also found that it was reasonable to conclude that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* In light of this decision, Todd now concedes that the issue has been resolved in favor of the Bureau of Prisons.

Accordingly, the district court's judgment is reversed.